960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon Leroy RICH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-35382.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1992.*
Decided April 17, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernon Leroy Rich was convicted of four counts of bank robbery, one count of attempted bank robbery and one count of escape from federal custody.
 
 
 3
 After this court affirmed his sentence, he filed a 28 U.S.C. § 2255 petition arguing ineffective assistance of counsel. The district court denied his claim and he appeals again.
 
 
 4
 An ineffective assistance of counsel claim must be evaluated according to the standards the Supreme Court set in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, an appellant must show: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. Id. at 687.
 
 
 5
 Rich claims that counsel's conduct was deficient because he failed to investigate a possible alibi defense and instead pursued an insanity defense. In reviewing counsel's actions, we note that: "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland at 691.
 
 
 6
 Rich argues that he played no role in the choice of insanity as a defense. Counsel's affidavit countered that Rich played a direct and significant role in choosing to use an insanity defense based on his Post-traumatic Stress Disorder.
 
 
 7
 Evidence supports counsel's position. Rich had used the insanity defense in a previous case to gain a reduction in his charge. Moreover, there is no evidence here that he told counsel he did not wish to use that defense. In addition, both defense expert witnesses believed it was possible that Rich was unable to appreciate the nature and quality of his actions. Based on these findings and the language of 18 U.S.C. § 17,[1] we hold that counsel's decision to utilize the insanity defense was reasonable.
 
 
 8
 Because counsel's performance was not deficient, we need not reach the second prong of the Strickland test.
 
 
 9
 Rich raises a number of other issues, all of which should have been raised on direct appeal from his conviction. He has not shown cause for his failure to raise those issues nor has he shown actual prejudice. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Therefore, we will not consider those issues.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 18 U.S.C. § 17 states:
 "Affirmative defense.--It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense."